```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                      CHARLESTON
```

**RICHARD WINNING,**

      **Plaintiff,**

**v.**                            **Case No. 2:10-cv-01263**

**ARTHER FERREL and**
**OFFICER MUNCY,**

      **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

On October 27, 2010, Plaintiff, an inmate at Huttonsville Correctional Center, filed a complaint pursuant to 42 U.S.C. § 1983. This matter is assigned to the Honorable Joseph R. Goodwin, Chief United States District Judge, and it is referred to the undersigned for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915A, the court screens each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On review, the court must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. In <u>Bell Atlantic Corp v.</u>

Twombly, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. at 555.

The Supreme Court further explained its holding in Twombly in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. * * *
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.

>When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.[1]

## PLAINTIFF'S ALLEGATIONS

Plaintiff states his claim as follows:

>On June 14, 2005, Arther Ferrel and Officer Muncy beat me while in hand cuff[s] in Mingo County Courthouse in the basement.

(# 2, at 4.)  Plaintiff requests that he be paid "restitution and damages of the amount of $150,000.

## ANALYSIS

It is well-established that civil rights cases filed in federal court follow the analogous state statute of limitation. Blanck v. McKeen, 707 F.2d 817 (4th Cir. 1983).  West Virginia has a two-year statute of limitations for cases similar to § 1983 cases and other personal injuries.  W. Va. Code § 55-2-12(b)(1981); see McCausland v. Mason County Bd. of Educ., 649 F.2d 278 (4th Cir. 1981; Rodgers v. Corporation of Harpers Ferry, 371 S.E.2d 358 (W. Va. 1988).  Plaintiff has waited more than five years since the incident of which he complains to file suit, and the applicable statute of limitations has expired.

---

[1] Because service of process has not occurred, a motion to dismiss has not been filed in this case.  Such a motion, filed pursuant to Rule 12(b)(6), *Fed. R. Civ. P.*, asserts that the complaint fails "to state a claim upon which relief can be granted," which is the same standard set forth in 28 U.S.C. § 1915A.

For this reason, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's Complaint fails to state a claim upon which relief may be granted because the statute of limitations has expired. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** with prejudice Plaintiff's Complaint under 28 U.S.C. § 1915A.

## NOTICE

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Joseph T. Goodwin, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S.

140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the presiding District Judge.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff.

| | |
|---|---|
| November 24, 2010<br>Date | *Mary E. Stanley*<br>Mary E. Stanley<br>United States Magistrate Judge |